**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | Case Nos. C 3:11-cv-03763-SI; 3:10-CV-03205 SI 3:11-cv-03856-SI; 3:10-cv-05625-SI; 3:11-cv-05765-SI; 3:11-cv-05781-SI; 3:11-cv-06241-SI; 3:12-cv-01426-SI |
| *Tracfone Wireless, Inc. v. AU Optronics Corporation, et al.,* 3:10-cv-03205 SI | |
| *Schultze Agency Services, LLC, on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. AU Optronics Corp., et al.*, 3:11-cv-3856-SI | **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT BASED ON UNDISCLOSED CONSPIRATORS OR AFFILIATES** |
| *The AASI Creditor Liquidating Trust, by and through Kenneth A. Welt, Liquidating Trustee v. AU Optronics Corp., et al.*, 3:11-cv-05781-SI | |
| *Tech Data Corp., et al. v. AU Optronics Corp., et al.*, 3:11-cv-5765-SI | |
| *CompuCom Systems, Inc. v. AU Optronics Corp., et al.*, 3:11-cv-6241-SI | |
| *NECO Alliance LLC v. AU Optronics Corp., et al.*, 3:12-cv-1426-SI | |
| *Interbond Corp. of America v. AU Optronics Corp., et al.*, 3:11-cv-3763-SI | |
| *Alfred H. Siegel, As Trustee of the Circuit City Stores, Inc. Liquidating Trust v. AU Optronics Corp., et al.*, 3:10-cv-5625-SI | |

Currently before the Court is defendants' motion for summary judgment on claims related to sales by undisclosed conspirators or affiliates. MDL Master Dkt. No. 8921. For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART defendants' motion.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the nonmoving party to "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 324). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)(2).

**DISCUSSION**

Defendants move for summary judgment as to plaintiffs' claims based on purchases from entities not identified in discovery as conspirators or affiliates. Specifically, defendants seek summary judgment as to plaintiffs' claims as follows:

(i) <u>Claims by AASI based on sales by</u>: Samsung Electronics and Samsung SSI;

(ii) <u>Claims by Circuit City based on sales by</u>: Innolux Display Corp., Optrex Corp., Quanta Display Inc., SVA NEC, Toppoly Optoelectronics Corp., Unipac Optoelectronics, Epson America, and Hitachi America;

(iii) <u>Claims by Compucom based on sales by</u>: Samsung Electronics;

(iv) <u>Claims by NECO based on sales by</u>: Samsung Electronics;

(v) <u>Claims by Tech Data based on sales by</u>: IBM Latin America and Samsung Electronics; and

(vi) <u>Claims by Tracfone based on sales by</u>: Samsung Electronics.[1]

Defendants argue that the Court should grant summary judgment as to plaintiffs' claims related to any alleged conspirators or affiliates that plaintiffs failed to identify in response to defendants' contention interrogatories. Plaintiffs contend that, even if these entities were not identified in response to defendants' specific interrogatories, their complaints and other discovery responses put defendants on notice that plaintiffs considered these entities coconspirators or affiliates.

A plaintiff alleging a conspiracy need not name all alleged coconspirators in its complaint. *See William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., Inc.*, 668 F.2d 1014, 1053 (9th Cir. 1981). Instead, a plaintiff need only provide a defendant with adequate notice of any claimed coconspirators

---

[1] Defendants also moved for summary judgment as to BrandsMart's claim related to IBM Credit Corporation; Tweeter's claim related to Philips Consumer Electronics and Eclipse-Fujitsu; Tracfone's claims related to Innolux, LG Innotek, Toppoly, Seiko Instruments Inc., and TPO; and Circuit City's claims related to Advance Display Inc. and TPO. These plaintiffs do not oppose defendants' motion as to the stated entities. Accordingly, defendants' motion is GRANTED as to these plaintiffs' claims as they relate to these entities. Additionally, defendants have withdrawn their motion as it relates to Circuit City's direct product purchases from Philips Consumer Electronics, *see* MDL Master Dkt. No. 9091 at 11, and AASI's purchases from Boe Hydis America, LG Semicon America, Mitsubishi Electronics, and Optrex America, *see* MDL Master Dkt. No. 9109 at 1.

3

either through its complaint, or through its discovery responses, such that a defendant is not prejudiced. *See* MDL Master Dkt. No. 7419 at 5. Contrary to defendants' assertion that plaintiffs failed to provide notice that they were pursuing claims based upon purchases from the challenged entities, many of the entities were disclosed to defendants through plaintiffs' complaints or discovery responses other than the particular interrogatories on which defendants rely. The Court finds that plaintiffs have sufficiently identified the following entities, such that defendants will not be prejudiced by their inclusion as coconspirators or affiliates:

(i) <u>Claims by AASI based on sales by</u>: Samsung Electronics and Samsung SSI. Samsung Electronics and Samsung SSI are both named in AASI's complaint. Defendants were on notice that AASI considered these entities to be coconspirators.

(ii) <u>Claims by Circuit City based on sales by</u>: Innolux Display Corp., Optrex Corp., Quanta Display Inc., SVA NEC, Toppoly Optoelectronics Corp., and Unipac Optoelectronics. Circuit City identified Innolux Display Corp., Optrex Corp., SVA NEC, and Toppoly Optoelectronics Corp. in response to defendants' discovery requests. MDL Master Dkt. No. 8990-1, Exs. 6, 7, 8. Circuit City named Quanta Display, Inc., and Unipac Optoelectronics in its complaint, and in its responses to defendants' discovery requests. *See id.* Defendants were on notice that Circuit City considered these entities to be coconspirators.

(iii) <u>Claims by Compucom based on sales by</u>: Samsung Electronics. Compucom identified Samsung Electronics as a coconspirator in its complaint. Defendants were on notice that Compucom considered Samsung Electronics a coconspirator.

(iv) <u>Claims by NECO based on sales by</u>: Samsung Electronics. NECO identified Samsung Electronics as a coconspirator in its complaint. Defendants were on notice that NECO considered Samsung Electronics a coconspirator.

(v) <u>Claims by Tech Data based on sales by</u>: Samsung Electronics. Tech Data identified Samsung Electronics as a coconspirator in its complaint, and in its discovery responses. Defendants were on notice that Tech Data considered Samsung Electronics a coconspirator.

(vi) <u>Claims by Tracfone based on sales by</u>: Samsung Electronics. Tracfone repeatedly identified

4

Samsung Electronics as a coconspirator in its complaint, and in its discovery responses. Defendants were on notice that Tracfone considered Samsung Electronics a coconspirator.

Accordingly, with respect to the plaintiffs and entities listed above, defendants' motion is DENIED.

However, with respect to the remainder of the challenged entities, the Court finds that plaintiffs failed to adequately disclose their identities prior to the close of discovery. Permitting the plaintiffs to seek damages based on interactions with these entities would be prejudicial to defendants because it would not permit defendants the opportunity to conduct discovery on plaintiffs' claims that they are entitled to damages based on purchases from these entities. The Court finds that plaintiffs have not sufficiently identified the following entities, such that defendants would prejudiced by their inclusion as coconspirators or affiliates:

(i) <u>Claims by Circuit City based on sales by</u>: Epson America, and Hitachi America. Circuit City argues that it should be permitted to pursue its claims against Epson America and Hitachi America because these entities have close corporate relationships with other Epson and Hitachi entities that are named in its complaint. The Court has previously found that corporate family allegations are insufficient to adequately allege participation in this conspiracy. *See* MDL Master Dkt. No. 7419 at 7-9. The Court will not depart from that ruling here, and finds that defendants would be prejudiced if Circuit City were permitted to seek damages based upon purchases from these entities.

(ii) <u>Claims by Tech Data based on sales by</u>: IBM Latin America. Tech Data asserts that IBM Latin America does not exist. Defendants assert that IBM Latin America does exist, but that Tech Data's claims in relation to this entity cannot survive because Tech Data did not list IBM Latin America as an alleged coconspirator or affiliate in its discovery responses. The Court need not decide whether IBM Latin America exists; Tech Data did not identify this entity in discovery, and therefore defendant would be prejudiced if Tech Data was permitted to seek damages based upon purchases from this entity.

5

Accordingly, with respect to the plaintiffs and entities listed above, defendants' motion is GRANTED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART AND DENIES IN PART defendants' motion for summary judgment based on undisclosed coconspirators or affiliates. Specifically, plaintiffs may not seek damages based on purchases from the following entities:

(i) <u>Claims by Circuit City based on sales by</u>: Epson America, and Hitachi America;

(ii) <u>Claims by Tech Data based on sales by</u>: IBM Latin America;

(iii) <u>Claims by BrandsMart based on sales by</u>: IBM Credit Corporation;

(iv) <u>Claims by Tweeter based on sales by</u>: Philips Consumer Electronics and Eclipse-Fujitsu;

(v) <u>Claims by Tracfone based on sales by</u>: Innolux, LG Innotek, Toppoly, Seiko Instruments Inc., and TPO; and

(vi) <u>Claims by Circuit City based on sales by</u>: Advance Display Inc. and TPO.

This Order resolves MDL Master Docket No. 8921.

**IT IS SO ORDERED.**

Dated: July 3, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE